IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ARTHUR LEE SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv699 |
| MEMORIAL HERMAN BAPTIST HOSPITAL, ET AL | § | |

<u>MEMORANDUM OPINION</u>

Arthur Lee Smith, formerly an inmate confined at the Stiles Unit of the Texas Department of Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled lawsuit.

<u>Discussion</u>

The court previously entered an order directing plaintiff to provide a copy of the Step 2 grievance he filed concerning the matters raised herein.  A copy of the order was sent to plaintiff at the Stiles Unit, the address furnished by him.  The copy sent to plaintiff was returned with a notation indicating he was no longer confined.  Plaintiff has not provided a new address.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.  *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).  *See also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The orderly and expeditious disposition of cases requires that if a litigant's address changes, he must inform the court of the change.  The United States Court of Appeals for the Fifth Circuit has said

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to provide a current address).

By not providing the court with his correct address, plaintiff has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case.

## Conclusion

For the reasons set forth above, this case will be dismissed for want of prosecution. An appropriate final judgment shall be entered. If plaintiff wishes to have this case reinstated on the court's active docket, he may do so by providing the court with a current address within 60 days of the date set forth below.

**SIGNED** this the **10** day of **October, 2006.**

_____
Thad Heartfield
United States District Judge